United States District Court
Southern District of Texas
**ENTERED**
April 21, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CARLOS YANDEL SILVERIO GIRON, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:26-CV-03065 |
| | § | |
| RAYMOND THOMPSON, *et al.*, | § | |
| | § | |
| Respondents. | § | |

## ORDER OF DISMISSAL

The petitioner, Carlos Yandel Silverio Giron, is a detainee in the custody of United States Department of Homeland Security, Immigration and Customs Enforcement ("ICE") officials. Through counsel, petitioner filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, challenging his detention. Doc. No. 1.

The Court may dismiss a habeas petition on the pleadings "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (authorizing preliminary review and summary dismissal of habeas petitions on the pleadings).[1]

The petition and attached exhibits reflect that Petitioner is a noncitizen who entered the United States without lawful status in 2023 and has since been placed in removal

---

[1] A district court may apply any of the rules governing habeas petitions filed under 28 U.S.C. § 2254 to those filed under 28 U.S.C. § 2241. *See* Rule 1(b), Rules Governing § 2254 Cases in the United States District Courts.

proceedings. Doc. No. 1 at 3, Doc. No. 1-1 at 1. Petitioner does not plead facts to show that he has been lawfully admitted into the United States, and he does not so contend.

Because Petitioner entered without inspection and has not obtained lawful status, he is an applicant for admission subject to 8 U.S.C. § 1225(b). *See Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 498 (5th Cir. Feb. 6, 2026). His arguments regarding bond hearings under 8 U.S.C. § 1226(a) and its implementing regulations are foreclosed by *Buenrostro-Mendez*. His detention is mandated *by statute* under section 1225(b)(2). Accordingly, Petitioner's Fifth Amendment due process claims are precluded, at this juncture, by *Demore v. Kim*, 538 U.S. 510, 531 (2003), because "[d]etention during removal proceedings is a constitutionally permissible part of that process." *Id.* (citations omitted); *see also Jennings v. Rodriquez*, 583 U.S. 281, 297 (2018) (explaining that "§§1225(b)(1) and 1225(b)(2) thus mandate detention of applicants for admission until certain proceedings have concluded").

Therefore, the Court **ORDERS** as follows:

1. The petition (Doc. No. 1) is **DISMISSED** without prejudice.

2. All other pending motions, if any, are **DENIED as MOOT**.

SIGNED this _____ 21 st _____ day of April 2026.

ANDREW S. HANEN
UNITED STATES DISTRICT JUDGE

2 / 2